United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Consulting Rosa LLC, Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Minhou Rongxingwang E- ) <br> commerce Co., Ltd., Defendant. ) | Civil Action No. 23-22722-Civ-Scola |

### Order Granting Motion for Alternative Service on the Defendant

This matter comes before the Court on the Plaintiff, Consulting Rosa, LLC's motion for alternative service on the Defendant, Minhou Rongxingwang E-Commerce Co., Ltd. (ECF No. 7.) The Plaintiff seeks an order, pursuant to 15 U.S.C. § 1051(e) and Rule 4(f)(3), granting alternative service of process on the Defendant, whose principal place of business is outside of the United States. Specifically, the Plaintiff requests that the Court permit it to serve the Defendant by (a) serving the Defendant's trademark prosecution counsel, Xingyi Tao ("Ms. Tao"), who is located at 10685-B Hazelhurst Dr, #29808, Houston, Texas, 77043, in-person and via email; and/or by (b) serving the Director of the United States Patent and Trademark Office ("USPTO"). Having carefully considered the motion, the record, and the applicable legal authorities, the Court **grants** the Plaintiff's motion. (**ECF No. 7**.)

Pursuant to 15 U.S.C. § 1051(e), the Lanham Act permits trademark applicants domiciled in foreign countries to assign "a person resident in the United States on whom may be served notices or process in proceedings affecting the mark." Neither the Supreme Court nor the Eleventh Circuit have addressed whether § 1051(e) permits service on foreign defendants in court proceedings affecting a trademark, or whether it is limited to administrative proceedings before the USPTO. Indeed, in the first opinion by a circuit court addressing the issue, the Ninth Circuit explained that it "presents a question of first impression in the courts of appeals[.]" *See San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co., Ltd.*, 53 F.4th 1136, 1138, 1140 n.3 (9th Cir. 2022). In *San Antonio Winery*, the Ninth Circuit concluded, after analyzing § 1051(e)'s text, that "the ordinary meaning of 'proceedings affecting the mark' includes proceedings in court," and therefore "the procedures of Section 1051(e) may be used to serve process in such proceedings." *Id.* at 1142. In addition, while district courts across the country are generally divided on the issue, the Court's research reveals that district courts in the Eleventh Circuit have reached the same conclusion as *San Antonio Winery. See, e.g., Night Owl*

*SP, LLC v. Dongguan Auhua Elecs. Co.*, No. 2:19-cv-109-FtM-38UAM, 2019 U.S. Dist. LEXIS 178264, at *6 (M.D. Fla. Mar. 15, 2019) (finding "that 15 U.S.C. § 1051(e) applies to civil actions that affect trademarks"); *Sobek Therapeutics, LLC v. SVADS Holdings SA*, 303 F.R.D. 409, 413 (M.D. Fla. 2014) (service of process on the foreign defendants' domestic representative proper because court proceeding arose out of USPTO filing by the defendants). The Court agrees with the reasoning in these cases and likewise concludes that § 1051(e) provides a means of serving defendants in court proceedings affecting a trademark.

In the present matter, the Plaintiff brings claims under the Lanham Act for trademark infringement, unfair competition, and false designation of origin arising out of the Defendant's use of and claims to the 5MINSKIN mark. (*See generally* Compl., ECF No. 1.) The Plaintiff specifically alleges that "at least as early as November 1, 2022," it has "provide[d] online retail store services under, and s[old] laser hair removal devices branded with, the trademark 5MINSKIN." (*Id.* ¶¶ 7–8.) On February 28, 2023, the Plaintiff filed an application with the USPTO for the 5MINSKIN trademark. (*Id.* ¶ 12.) The Plaintiff also alleges that "on or around December 30, 2022, [the] Defendant began selling hair-removal products branded with the 5MINSKIN trademark." (*Id.* ¶ 15.) In addition, on February 5, 2023, the Defendant "filed with the USPTO Application Serial No. 97/781243, for 5MINSKIN[.]" (*Id.* ¶ 16.) The Defendant's trademark prosecution counsel, Ms. Tao, represented the Defendant in prosecuting the trademark at issue and is the designated representative in the United States for acceptance of service of process as provided in § 1051(e), as she is the listed agent. (*See* Mot. Ex. A, ECF No. 7-2.) The Court thus finds that the Plaintiff's instant lawsuit is a proceeding affecting the 5MINSKIN mark and that the service procedures of Section 1051(e) are applicable.

While the Plaintiff moves for service on the Defendant's U.S. counsel and the Director of the USPTO pursuant to § 1051(e) and Rule 4(f), the Court finds that Rule 4(h)(1)(B) is the more appropriate vehicle for analyzing the Plaintiff's request. *See, e.g., Night Owl SP, LLC*, 2019 U.S. Dist. LEXIS 178264, at *7 ("Night Owl moves for service through 15 U.S.C. § 1051(e) under Rule 4(f)(3), but Rule 4(h)(1)(B) is more appropriate."). Rule 4(f) comes into play only when service is contemplated "at a place not within any judicial district of the United States[.]"[1] Fed. R. Civ. Pro. 4(f). By contrast, Rule 4(h)(1)(B) authorizes service on either a domestic or foreign company

---

[1] "Although Rule 4(f), by its terms, applies only to service on individuals, Rule 4(h)(2) provides that corporations domiciled abroad may be served through the procedures of Rule 4(f), with one exception not relevant here." *San Antonio Winery, Inc.,* 53 F.4th at 1139 n.2.

> (1) in a judicial district of the United States: . . . (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or *any other agent authorized by appointment or by law to receive service of process* and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. Pro. 4(h)(1)(B) (emphasis added). By serving the Defendant's trademark prosecution counsel, Ms. Tao, in Houston, Texas, or the Director of the USPTO, the Plaintiff will be serving the Defendant in a judicial district of the United States via an agent authorized pursuant to § 1051(e) to receive process, thus proceeding pursuant to Rule 4(h)(1)(B). *See Strax Ams., Inc. v. Tech 21 Licensing Ltd.*, Civil Action No. 16-25369-Civ-Scola, 2017 U.S. Dist. LEXIS 220719, at *4 (S.D. Fla. Mar. 22, 2017) (Scola, J.) ("[S]ervice on a foreign corporation within a judicial district of the United States is governed by Rule 4(h)(1)—which does not provide for service via Rule 4(f)."). And, importantly, § 1051(e) does not require the Plaintiff to mail copies to the Defendant abroad.

The Plaintiff's motion reflects concern over the application in the instant matter of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention" or "Convention"). However, the Hague Convention does not apply here. This is because, "[w]here service on a domestic agent is valid and complete under both state law and the Due Process Clause, . . . the Convention has no further implications." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707, 108 S. Ct. 2104, 2112 (1988). In other words, since "[s]ervice under Section 1051(e) occurs domestically[,]" it "thus falls outside the scope of the Convention." *See San Antonio Winery, Inc.*, 53 F.4th at 1143. As noted, § 1051(e) does not require the Plaintiff to mail copies to the Defendant abroad, and "[b]ecause service on [Ms. Tao and] the Director of the USPTO would occur within the United States, the Hague Convention would not be implicated." *See Equibal, Inc. v. 365 Sun LLC*, No. 21 CV 6254 (VB), 2023 U.S. Dist. LEXIS 62759, at *21 (S.D.N.Y. Apr. 10, 2023); *see also Night Owl SP, LLC*, 2019 U.S. Dist. LEXIS 178264, at *8 ("The Hague Convention does not apply because service is complete upon delivery of the summons and complaint to the Director, and 15 U.S.C. § 1051(e) does not require [Plaintiff] to mail copies to [Defendant]."). Moreover, it is of no matter that documents may be transmitted by either Ms. Tao or the Director of the USPTO to the Defendant abroad after they have been served. *See Schlunk*, 486 U.S. at 707, 108 S. Ct. at 2112.

The Court also notes that the Plaintiff has previously contacted the Defendant's trademark prosecution counsel, Ms. Tao. The Plaintiff has explained that Ms. Tao continues to register intellectual property with the USPTO using the same email addresses and mailing address under which the Plaintiff contacted her and confirmed that she is still representing the Defendant. (*See* Mot. 5, ECF No. 7). Because of Ms. Tao's confirmation that she continues to represent the Defendant, her recent and extensive activity representing dozens of Chinese companies in connection with intellectual property filings with the USPTO, and because she remains to this date the Defendant's designated agent, there is little risk that service upon her would not provide sufficient notice on the Defendant. (*See* Mot. Ex. D, ECF No. 7-5.) Thus, by serving the Defendant's counsel, Ms. Tao, the Defendant will be apprised of this action and have the opportunity to answer the Plaintiff's claims.

Similarly, various courts have recognized that service on the Director of the USPTO in circumstances such as those here provides adequate notice of the pending court action. *See, e.g., San Antonio Winery, Inc.* 53 F.4th at 1144; *Equibal, Inc.*, 2023 U.S. Dist. LEXIS 62759, at *22 (finding that service through the Director of the USPTO complied with due process as it was reasonably calculated to inform defendants of the pending court action); *Night Owl SP, LLC*, 2019 U.S. Dist. LEXIS 178264, at *7-8 (The defendant "and the USPTO have continuously and successfully communicated with each other for over two years, so service on the USPTO Director is reasonably calculated to notify [the defendant] of this case."). The Court agrees and will thus exercise its discretion to allow service on the Defendant by serving the Director of the USPTO should service on the Defendant's counsel, Ms. Tao, be unsuccessful.

For these reasons, the Court **grants** the Plaintiff's motion. (**Mot., ECF No. 7**.) The Plaintiff is permitted to serve the Summonses, Complaint, and all other filings and discovery in this matter upon the Defendant by serving the Defendant's trademark prosecution counsel, Ms. Tao, and, if service via Ms. Tao should fail, by serving the Director of the USPTO pursuant to 15 U.S.C. § 1051(e). In so doing, the Plaintiff must ensure to fully comply with the requirements of Rule 4(h)(1)(B).

**Done and ordered**, at Miami, Florida, on August 11, 2023.

_____
Robert N. Scola, Jr.
United States District Judge