United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Consulting Rosa LLC, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-22722-Civ-Scola |
| | ) | |
| Minhou Rongxingwang E-commerce Co., Ltd., Defendant. | ) ) | |

### Order Adopting Magistrate Judge's Report And Recommendation

This cause comes before the Court on the Plaintiff Consulting Rosa LLC's motion for default judgment against the Defendant Minhou Rongxingwang E-commerce Co., Ltd. (Pl.'s Mot., ECF No. 16.) The motion was referred to United States Magistrate Judge Jonathan Goodman for a report and recommendations. (Court's Ref., ECF No. 17.) Judge Goodman issued a report recommending the Court grant in part the Plaintiff's motion. (ECF No. 18.) Specifically, Judge Goodman recommended the Court "award $600,000 in statutory damages against Defendant, and issue a permanent injunction against Defendant." (*Id.* at 23.) However, Judge Goodman recommended the Court deny Plaintiff's request for $928.30 in costs. (*Id.*) Neither party filed objections to the report and recommendations.

A district court judge must conduct a de novo review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. Where no objections are made, a report may be adopted in full without conducting a de novo review, provided no plain error exists. *See id.*; *Menendez v. Naples Cmty. Hosp. Inc.*, No. 2:20-CV-898-SPC-MRM, 2021 U.S. Dist. LEXIS 215317, 2021 WL 5178496, at *1 (M.D. Fla. Nov. 8, 2021) (collecting cases).

The Court has considered Judge Goodman's report, the record, and the relevant legal authorities. The Court finds Judge Goodman's report and recommendations cogent and compelling. The Court **affirms and adopts** Judge Goodman's report and recommendations. (**ECF No. 18**.) Accordingly, the Court **grants in part** Plaintiff's **motion**, awarding $600,000 in statutory damages against the Defendant and issuing a permanent injunction. (**ECF No. 16**.) The Court **denies** Plaintiff's request for $928.30 in costs. (**ECF No. 16**.)

Therefore, the Court being otherwise fully advised, it is hereby **ordered** and **adjudged** that **final** judgment is entered in favor of Plaintiff Consulting Rosa LLC. The Court **orders**:

  a. The Defendant shall pay Plaintiff $600,000 in statutory damages.

    b. The Defendant, and each of its owners, directors, officers, partners, distributors, agents, servants, employees, and attorneys, and all those in active concert or participation with the Defendant, to be prohibited and permanently enjoined from:
        1. Using any trademarks owned by Plaintiff, including but not limited to the"5MINSKIN" mark and Plaintiff's logo, or any similar marks, in connection with the sale, offer for sale, advertising, promotion, or marketing of any goods or services;
        2. Engaging in any act likely to confuse, mislead, or deceive others into believing that the Defendants, or any goods or services offered by or associated with the Defendant are connected with, associated with, sponsored by, or approved by, Plaintiff;
        3. Using any false designation of origin or false description, or performing any act that is likely to lead members of the trade or public to believe that any of the Defendant's goods are licensed, sponsored, approved, or authorized by Plaintiff, or are in any other manner associated or connected with Plaintiff; and
        4. Aiding or abetting any other person in committing any of the acts prohibited by (1) through (3) above.
    c. The Defendant shall immediately remove the following from all advertising, promotional materials, displays, domain names, social media handles, and any other materials in tangible or electronic form that the Defendant or any of its agents possess or with which they are affiliated: the "5MINSKIN" mark; Plaintiff's logo; all statements suggesting in any way that the persons associated with those websites or businesses are "authorized," "certified" or "factory trained" by Plaintiff or are otherwise approved by, endorsed by, sponsored by, or connected or affiliated in any way with Plaintiff.
    d. Amazon.com, eBay Inc., and Walmart.com shall permanently remove from the multiple platforms, which include, inter alia, a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all of Defendant's listings and associated images of goods bearing and/or using counterfeits and/or infringements of the 5MINSKIN Marks via the e-commerce stores. Amazon.com, eBay Inc., and Walmart.com shall not offer for sale and/or sell Defendant's goods bearing and/or using counterfeits and/or infringements of the 5MINSKIN Mark and shall immediately remove such products from its e-commerce stores.
    e. The Director of the United States Patent and Trademark Office, ("USPTO") shall refuse registration of U.S. Trademark Application Serial

97/781243 for 5MINSKIN, applied for by Defendant on February 5, 2023 and/or cancel any registration which may have issued therefrom. The Director or other USPTO official so designated by law shall make appropriate entry upon the records of the USPTO.

The Court directs the Clerk to **close** this case. All pending motions, if any, are denied as moot.

**Done and ordered** in Miami, Florida, on April 24, 2024.

_____
Robert N. Scola, Jr.
United States District Judge